

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
07/05/2011

| IN RE: | § | Case No. 06-30919 |
|---|---|---|
| BENDETTA CHIZER WAGNER, | § | Chapter 13 |
| Debtor(s). | § | Judge Isgur |

## MEMORANDUM OPINION

For the reasons set forth below, the Court denies the Trustee's Motion to Deem the Mortgage Current.

## JURISDICTION

The Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1334(b). This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(L).

## BACKGROUND

The relevant facts do not appear to be in dispute.

Bendetta Chizer Wagner executed a Note and Deed of Trust to Centex Home Equity Corporation (predecessor of Nationstar Mortgage LLC). The deed of trust granted Nationstar a security interest in Wagner's real property. The monthly payments on the note total $582.02. The deed of trust requires Wagner to maintain insurance on the property. If Wagner does not, the deed of trust allows Centex to advance funds for insurance and to seek reimbursement.

Wagner filed this Chapter 13 bankruptcy case on March 6, 2006. Wagner filed a plan on March 30, 2006 and then amended the plan on May 22, 2006. Nationstar's security interest falls under the protections provided by § 1322(b)(2). Therefore the plan, with the exception of provisions for curing defaults and maintaining payments allowed by § 1322(b)(5), could not alter Nationwide's substantive rights as a secured home mortgage lender. The plan provided for monthly payments of $582.02. The Court confirmed the plan on May 24, 2006. Wagner paid

the required $582.02 for the sixty-month plan period. Wagner received a Chapter 13 discharge on May 4, 2011.

On March 16, 2011, David G. Peake, Chapter 13 Trustee ("Trustee"), filed a motion requesting the Court to deem Wagner current on the mortgage claim through March 1, 2011. Nationstar filed a response opposing the motion, arguing that advances of hazard insurance premium payments entitled Nationstar to reimbursement. Nationstar paid hazard insurance from 2006 through 2010, years covered by the sixty-month plan period. The parties agree Wagner owes Nationstar $1,080 for hazard insurance paid in January 2011.

The Southern District of Texas adopted Chapter 13 Trustee Procedures for Administration of Home Mortgage Payments on September 29, 2005. Paragraph 10 states:

> The chapter 13 trustee shall periodically, at least annually, file a report which sets forth the date and amount of each payment made by the trustee to a creditor whose claim is subject to these provisions. The report shall specify the period covered by the report, and identify the months for which each contractual payment is applied according to the records of the trustee. The report shall be served on the debtor, debtor's counsel and each creditor holding a claim described on the report. If a creditor seeks to make a claim against the estate or the debtor that arose within the period covered by the report (i.e. a claim for late charges or attorney's fees or any other charge authorized by the agreement of the debtor), such claim will be barred unless it is (i) filed within 60 days after receipt of this report; and (ii) is allowed pursuant to the terms of the confirmed plan.

The Trustee filed the required reports each year during the plan period except 2009. Nationstar failed to file a claim against the estate within sixty days as required for any of those years. Nationwide objects to the Trustee's motion to deem Wagner current on the mortgage. Nationwide seeks reimbursement for hazard insurance premiums paid from 2006 through 2010, arguing that the above language does not encompass insurance premiums and therefore

Nationstar's failure to file claims does not adversely affect its ability to recover the advance payments. Wagner disagrees.

## ARGUMENT

### I. Applicability of Paragraph 10's Language to Advanced Insurance Premiums

Nationstar lists various reasons why Paragraph 10's language must not encompass insurance premiums. Most imply, but do not expressly state, that the language at issue must not encompass advanced insurance premiums because if it did, the local rule would violate the Bankruptcy Code and/or the Bankruptcy Rules.

Nationstar's first argument involves Rule 9029 of the Bankruptcy Rules. It is unclear, however, exactly what the argument is. Nationstar references both 9029(a)(1) and 9029(b) but does not indicate whether, as applied to insurance premiums, Paragraph 10 of the Southern District of Texas's Chapter 13 Trustee Procedures for Administration of Home Mortgage Payments ("Paragraph 10") violates one or both subsections.

Bankruptcy Rule 9029(a)(1) authorizes the creation of local rules provided that, among other things, they are consistent with the Bankruptcy Code and Bankruptcy Rules. Nationstar implies that this local rule, if applied to insurance premiums, would be inconsistent. As support, Nationstar cites cases highlighting the protections § 1322(b)(2) provides to secured home mortgage lenders. Presumably, Nationstar argues that a local rule that *might* adversely affect the interests of secured home mortgage lenders is inconsistent with the Bankruptcy Code and thus violates 9029(a)(1). This is incorrect.

This Court analyzed an analogous situation in *In re Padilla*, 379 B.R. 643 (Bankr. S.D. Tex. 2007), albeit with a national Bankruptcy Rule itself directly at issue in that case. The creditor in *Padilla* argued that Bankruptcy Rule 2016(a), by requiring creditors to file an


application with the court for reimbursement of attorney's fees, conflicted with § 1322(b)(2), which forbids modification of secured home mortgage lenders' prepetition contract rights. This Court held that "Rule 2016(a) is a procedural rule, not a substantive provision. Rule 2016(a) merely governs how substantive rights are implemented. Rule 2016(a) does not deny . . . the ability to charge and collect post-petition Reimbursable Expenses. Rule 2016(a) only requires [creditors] to receive approval for their Reimbursable Expenses." *Id.* at 658; *see also Rodriguez v. Countrywide Home Loans, Inc.*, 421 B.R. 341, 352 (S.D. Tex. 2009) (adopting the reasoning in *Padilla*). The same reasoning applies to the local rule at issue. It does not alter Nationstar's substantive rights, merely the procedures that must be followed to enforce those rights.

Nationstar's reason for referencing Bankruptcy Rule 9029(b) is unclear. Nationstar highlights the portion forbidding the imposition of sanctions or other disadvantages for noncompliance in certain situations, most notably lack of actual notice. The subsection is inapplicable. The subsection's heading reads "Procedure When There is No Controlling Law." Fed. R. Bankr. P. 9029(b). Lack of actual notice forbids the imposition of sanctions "for noncompliance with any requirement not in federal law, federal rules, or the *local rule*s of the district." *Id.* (emphasis added). Here we are dealing with possible disadvantages imposed per a local rule.

Nationstar puts forth its second argument under the heading "11 U.S.C. 1327—Effect of Confirmation." The argument appears to be that, because Wagner's plan did not provide for the payment of postpetition taxes and insurance, Wagner must reimburse Nationstar notwithstanding Nationstar's failure to follow Paragraph 10. Nationstar cites *In re Guevara*, 258 B.R. 59 (Bankr. S.D. Fla. 1990), as support. The primary holding of *Guevara* is that postpetition taxes and insurance charges not provided for by the monthly payment in a Chapter 13 plan are not

discharged upon completion of all payments under the plan. *Id.* at 61. The facts of *Guevara* and the present case mirror one another, with one glaring exception—in *Guevara* the creditor did not fail to follow a local procedural rule. If Wagner were arguing that her Chapter 13 discharge means she is not required to pay for insurance premiums advanced by Nationstar, that would be incorrect. Indeed, the rights of a secured home mortgage lender are generally unaffected by the discharge at all. 11 U.S.C. § 1322(b)(2) (preventing modification of secured home mortgage lenders' rights via Chapter 13 plans); § 1322(b)(5) (exception to 1322(b)(2) that allows the curing of defaults and maintenance of payments during the plan period); § 1328(a)(1) (excepting from discharge debts provided for under § 1322(b)(5), i.e. payments required to maintain or cure a home mortgage loan). The *Guevara* opinion does not otherwise appear to help Nationstar's argument, because it does not address the consequences of failure to follow a local procedural rule.

Nationstar's third argument appears under the heading "11 U.S.C. 1322—Contents of plan." This argument again highlights § 1322(b)(2)'s protections for secured home mortgage lenders. Section 1322(b)(2)'s protections are not absolute. Section 1322(b)(5) allows some modification of the substantive rights of home mortgage secured lenders notwithstanding § 1322(b)(2)'s protections. 11 U.S.C. § 1322(b)(5); *In re Perez*, 373 B.R. 468, 481 (Bankr. S.D. Tex. 2007) (citing *Rake v. Wade*, 508 U.S. 464, 473 (1993)). Again, the modification of *substantive* rights through either the plan or a local rule is not at issue. Paragraph 10 does not alter Nationstar's substantive rights, merely the procedures that must be followed to enforce them. This requirement does not conflict with § 1322(b)(2). *Padilla*, 379 B.R. at 657.

Nationstar's fourth section, presented under the heading "The Payment of Insurance Premiums is a Provision of the Deed of Trust," is both unclear and misguided. The primary case

cited as support is *In re Carlton*, 437 B.R. 412 (Bankr. E.D. Ala. 2010). The court in *Carlton* did hold that certain mortgage procedures, including some related to the payment of taxes and insurance, could not be included as plan provisions because they conflicted with the Bankruptcy Code by modifying the rights of secured home mortgage lenders. *Id.*

Nationstar cites *Carlton* for the proposition that "annual notice is tantamount to a proof of claim," and that plan provisions requiring a secured creditor to file such annual notice violate Bankruptcy Rule 3002(a) as interpreted by the Eleventh Circuit in *Universal Mortgage Co. v. Bateman (In re Bateman)*, 331 F.3d 821 (11th Cir. 2003) (holding that secured creditors are not required to file proof of claims to maintain their interests). *Carlton*, 437 B.R. at 421. Nationstar's argument is that local rules with these same requirements similarly violate Rule 3002(a).

It is true that secured creditors are not required to file proofs of claim. However, "if [a] secured creditor wants to receive payments *under the confirmed plan*, it must file the proof of claim in a timely manner." *Bateman*, 331 F.3d at 827 (emphasis added). *Carlton* misinterprets *Bateman*. *Bateman* understands that secured creditors do not have to participate in the bankruptcy process and receive payments under the plan; if they choose to participate, however, they must follow the Bankruptcy Code's procedures. In *Bateman*, the Eleventh Circuit held a court's confirmation of a plan providing for payment of a fraction of the creditor's allowed secured claim, notwithstanding the creditor's failure to object to confirmation, to be an impermissible modification. *Bateman*, 331 F.3d at 830[1]. *Bateman* does not hold that requiring a secured home mortgage lender to give notice of postpetition advances and expenses is an improper modification prohibited by § 1322(b)(2).

---

[1] *Bateman's* continued vitality is at issue in light of *United Student Aid Funds, Inc. v. Espinosa,* 130 S. Ct. 1367 (2010).

*Carlton*'s extension of *Bateman* reaches too far. The claim in *Bateman* was for prepetition arrearages in a determined amount, already deemed allowable. *Bateman*, 830 B.R. at 822-23. The amounts at issue in this case, and those covered by the provisions discussed in *Carlton*, are for postpetition insurance advances, i.e. claims neither determined nor already allowed at confirmation. Requiring creditors to follow procedural notification requirements with respect to these claims does not modify those creditors' substantive rights.

Even were Nationstar not relying on *Carlton*'s apparent misapplication of *Bateman*, its argument would still be somewhat misguided. In the same paragraph where *Carlton* holds that notification requirements are improper modifications, it notes that other courts have concluded differently. *Carlton*, 437 B.R. at 425. Importantly, *Carlton* further states that the primary objection to the plan provisions is not the notification requirements, but the "discharge of secured claims by plan declaration." *Id.* The provisions at issue in *Carlton* stated that a Chapter 13 "discharge . . . shall be a [declaration] that all prepetition and postpetition defaults with respect to the debtors' [sic] mortgage have been cured, and the debtors' [sic] mortgage account is [declared] current." *Id.* Nationstar's claims are not discharged by plan provisions or otherwise. 11 U.S.C. § 1322(b)(5); 1328(a)(1). Rather, the Court is not allowing the claim for reimbursement at all because the lender failed to file the notice of its claim.

Finally, Nationstar argues Paragraph 10 would violate Rule 7001 if it bars its claim because "the provision would make an order granting a discharge a substitute for a declaratory judgment." (ECF No. 104 at 7). The argument is specious. Nationstar's claims are not discharged. 11 U.S.C. § 1322(b)(5); 1328(a)(1). Rather, the Court is not allowing the claim for reimbursement at all because the lender failed to file the notice of its claim.

**II. Effect of the Trustee's Failure to Provide Annual Notice in 2009 as Required by Chapter 13 Trustee Procedures for Administration of Home Mortgage Payments**

Wagner did not provide case law in support of why the consequences of the Trustee's failure to file the annual report for 2009 should impair Nationstar. Absent an applicable Bankruptcy Rule, the consequences fall on Wagner. Paragraph 10 requires the trustee to file the annual report and for creditors to respond within sixty days. It would be unfair to disallow the creditor's reimbursement claim when the trustee failed to follow the applicable local rule and the creditor did not have actual notice. Therefore Nationstar should not lose its right to reimbursement for advanced insurance premiums for the time period covered by the Trustee's missing 2009 report.

## CONCLUSION

The Trustee's Motion to Deem the Mortgage Current is denied. Wagner owes Nationstar for its advances that arose after the period covered by the Trustee's 2008 notice.

SIGNED **July 1, 2011.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE